CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 18 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELBERT A. REDDITT, JR., | ) |
| | ) Civil Action No. 7:13-cv-391 |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) Hon. James C. Turk |
| Acting Commissioner of Social Security, | ) Senior United States District Judge |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Elbert A. Redditt, Jr. ("Plaintiff" or "Redditt") brought this action challenging the final decision of the Commissioner of Social Security ("Commissioner"), finding him not disabled and therefore ineligible for both supplemental security income ("SSI") and disability insurance benefits ("DIB"), under the Social Security Act ("Act"), 42 U.S.C. §§ 401-433; 1381-1383f. This Court has jurisdiction over the action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Both Redditt and the Commissioner filed motions for Summary Judgment. ECF Nos. 13, 17. Oral argument was heard on May 22, 2014, and the motions are now ripe for disposition.

In his motion for summary judgment, Redditt asserts two arguments. First, he argues that although the ALJ found Redditt's degenerative joint disease in his bilateral hands and wrists were severe impairments, the ALJ "erroneously failed to find these impairments imposed any functional limitations." ECF No. 15 at 14. In short, Redditt contends the ALJ erred in determining his residual functional capacity because the ALJ failed to take into account the limitations imposed by arthritis in his hands and wrists. His second argument is that the ALJ improperly rejected Redditt's own testimony regarding his impairments and functional limitations and that "[t]he ALJ's reasons for finding [Redditt] less than fully credible are not

1

supported by substantial evidence." Relatedly, he contends that the ALJ failed to adequately articulate his reasons for finding Redditt not fully credible.

For the reasons set forth below, the Court finds that substantial evidence supports the Commissioner's final decision. Accordingly, the Commissioner's Motion for Summary Judgment, ECF No. 17, is **GRANTED** and Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

I.   **STANDARD OF REVIEW**

When reviewing the Commissioner's final decision, the Court is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner reached those findings through application of the correct legal standards. See 42 U.S.C. § 405(g); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted); Hancock, 667 F.3d at 472. If the Commissioner's determinations are supported by substantial evidence, a reviewing court may not substitute its judgment for the Commissioner's, but instead must defer to those determinations. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Accordingly, "[i]n reviewing for substantial evidence, [this Court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ . . . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal alterations and citations omitted).

Redditt bears the burden of proving that he is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)(2006)). The

2

Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment;[1] (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-62 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at step five to establish that the claimant maintains the Residual Functional Capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

---

[1] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. Procedural Background

Redditt was born on October 20, 1960, was forty-three years old on the alleged disability onset date, forty-five on the date he was last insured (December 31, 2005), and was fifty-one years old at the time of the ALJ's decision on July 26, 2012. R. 23. At all times of alleged disability, therefore, he was a "younger person" under the Act. 20 C.F.R. §§ 404.1563(c), 416.963(c). He has an eighth grade education and previously worked as a cosmetic packer (unskilled, light work), and a store laborer (unskilled, medium work). R. 23.

Redditt filed his applications for DIB and SSI on October 25, 2010, alleging that he became disabled beginning December 31, 2003. R. 15. His claims were denied at the initial and reconsideration levels of administrative review. R. 15, 104-13, 118-31. At a July 18, 2012 hearing before ALJ Benjamin McMillion, both Redditt (who was represented by counsel) and a vocational expert ("VE") testified. See R. 31-55 (transcript from hearing). The ALJ issued his decision on July 26, 2012, finding that Redditt was not disabled because his RFC allowed him to perform jobs that exist in significant numbers in the national economy. See R. 24-25; see also generally R. 15-25 (ALJ's decision).

In reaching this conclusion, the ALJ properly utilized the five-step process for determining whether a claimant is disabled. See Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520) (setting forth the five steps). The ALJ first determined that Redditt met the insured status requirements of the Act through December 31, 2005, and that he had not engaged in substantial gainful activity since his alleged onset date of December 31, 2003. R. 17. At the second step, the ALJ concluded that Redditt had the following severe impairments: "degenerative joint disease, mild in the right hand and wrist and moderate in the left hand and wrist; degenerative joint disease, mild to moderate in the bilateral feet; arthritis;

4

and asthmatic bronchitis, mild with possible early component of chronic obstructive pulmonary disease." R. 17. He concluded at the third step that none of Redditt's impairments or combination of impairments met or medically equaled the severity of any listed impairment. R. 18.

Based on the evidence before him, the ALJ determined that Redditt had the RFC to:

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant would be capable of lifting/carrying 10 pounds frequently and 20 pounds occasionally/ standing/walking for 6 hours in a normal 8 hour work day; sitting for 6 hours in a normal 8 hour work day; occasionally climbing ramps and stairs, balancing, kneeling, crouching, and stooping but precluded from crawling and climbing ropes, ladders, or scaffolds; and would require work that allows the worker to avoid concentrated exposure to humidity, fumes, odors, dust, gases, poor ventilation, and hazards.

R. 18. The ALJ relied on the VE's testimony that this RFC would allow Redditt to perform jobs that existed in significant numbers in the national economy, including inspector/grader, fast food worker, and laundry worker, although it would not have allowed him to perform his past work. R. 23-25. Accordingly, the ALJ concluded Redditt was not disabled under the Act. R. 24-25.

Redditt requested Appeals Council review of the ALJ's decision, R. 10, but the Appeals Council denied review, R. 1-4, rendering the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981. Redditt timely filed this Complaint seeking review.

### B.     Medical and Other Evidence[2]

At the outset, it is worth noting that Redditt's alleged onset date of December 31, 2003 is not tied to any specific event or acute injury, at least not that is evident from the record or Redditt's testimony. At the hearing before the ALJ, Redditt explained that it was the arthritis in his left leg that most kept him from working, and that the leg often gives out on him without

---

[2] As noted by the Commissioner, Redditt's motion primarily challenges the ALJ's findings with respect to his hands and wrist. See ECF No. 18 at 4 n.3 (citing Pl.'s Br. at 13). Because Redditt does not specifically challenge the ALJ's findings as to his other alleged impairments, the Court does not include medical background related to them.

warning and he can fall down. As a result, he has been prescribed, and walks with, a cane. R. 39-40. He also testified that he has swelling in his left arm, which makes it hard for him to pick up heavy things with one arm, and that both of his feet swell. R. 40-41.

The earliest medical visit contained in the record occurred almost a full year after the alleged onset date. Specifically, on December 23, 2004, Redditt sought treatment at the Carilion Roanoke Emergency Department for his complaints of left arm and left knee pain. R. 381. He noted at that time that he had been suffering from arthritis for six months and told his provider that his pain was so intense he was unable to close his left hand into a fist. R. 382. Redditt was diagnosed with rheumatoid arthritis, provided medication (Prednisone and Lortab for pain), and was discharged. R. 383. He returned there on May 7, 2005, for a cut he sustained "when working." R. 331. His examination was essentially normal, and the attending physician cleared him to "return to work/school tomorrow." R. 332. The record contains no other medical records prior to the date Redditt was last insured, December 31, 2005.[3]

On March 31, 2007, Redditt sought treatment for skin irritation after reportedly washing dishes with bleach and then getting "stuck . . . with a blender." R. 343-47. During that visit, he also complained of numbness and tingling in his hand. R. 344. An x-ray indicated no definite fractures, but indicated he had "significant soft tissue swelling" and "osteoarthritis in the wrist joint." R. 347.

The next time Redditt sought any treatment for arthritis or hand pain related to arthritis

---

[3] To qualify for DIB, Redditt has to prove that he became disabled between his alleged onset date and the date he was last insured for DIB purposes. See Johnson v. Barnhart, 434 F.3d 650, 655-56 (4th Cir. 2005). Medical records after the date last insured may be relevant to the DIB determination, if they "relate back to the period when plaintiff was insured and provide evidence of plaintiff's impairments at that time." Bishop v. Astrue, 2012 WL 951775, at *4 (D.S.C. March 20, 2012) (citing Johnson, 434 F.3d at 655-56). Additionally, records after December 31, 2005 may also be relevant to determining whether Redditt has established he is entitled to SSI, which is not dependent on the date of last insured. See, e.g., Henley v. Comm'r of Social Security, 58 F.3d 210, 213 (6th Cir. 1995) ("Insurability is a prerequisite to receipt of disability benefits but not to receipt of SSI benefits.") (citing 20 C.F.R. § 404.101(a) and 20 C.F.R. § 416.202).

was on August 24, 2010. R. 358. He reported that he had been riding a moped two days earlier and fell on his hand. R. 358. An xray demonstrated mild to moderate osteoarthritis. R. 360. On exam, he had tenderness to the hand, but also demonstrated "normal grip strength" and had no pain in his elbow or shoulder. R. 359. The physician prescribed medication and a note directed "To Whom It May Concern" advising that he not use his left hand until seen by an orthopedic surgeon. R. 360, 363. He never did see a surgeon, although Redditt explained at the hearing that he was often unable to seek medical treatment due to his lack of insurance and the prohibitive cost of medical care. R. 43-44. He was also prescribed Lortab and Naprosyn for pain. R. 361. One month later, he returned again to the Carilion Clinic with complaints of left thumb pain and reported that he "left his Lortab in NY." R. 365. Upon exam, he had only mild swelling and no gross deformity. R. 366.

Redditt had a consultative examination with Dr. Humphries on January 7, 2011, and reported that his primary complaint was arthritis on his left side. R. 372. Dr. Humphries' examination notes state that Redditt had a full range of motion in his shoulders, and only a "mildly reduced" range of motion in his left elbow, left wrist, and some left hand joints. R. 373. He has full 5/5 grip strength in his right hand and almost full 4.5/5 grip strength in his left hand. R. 374. He had intact nerve functions and could perform fine manipulations, although with "some discomfort on left." Based on this examination, Dr. Humphries opined that Redditt could perform a range of light work, and did not have any manipulative limitations. R. 374.

After the consultative exam through the date of the ALJ's decision, Redditt sought additional medical treatment, mostly unrelated to his hand or wrist, although on several of his visits to the Bradley Free Clinic in 2011, he complained of osteoarthritis, including left wrist pain. R. 437-51. On a November 11, 2011 appointment, for example, the notes indicate swelling of the left wrist. R. 450. On March 7, 2012, he reported to the Carilion Clinic Community Urgent

7

Care Center complaining of left hand and wrist pain as a result of falling down some stairs at his house. R. 453. He was prescribed Lortab and Flexeril. R. 456.

In addition to the notes from treatment providers, two state agency physicians reviewed Redditt's medical record and offered opinions. One opined that Redditt could perform medium work and did not have any manipulative limitations, R. 57-62; the second opined that Redditt could perform a range of light work, and did not have manipulative limitations. R. 97-99.

## III. DISCUSSION

In his appeal to this Court, Redditt claims that the ALJ made two primary errors. First, he contends that the ALJ erred in failing to include in Redditt's RFC any limitations or restrictions as a result of Redditt's degenerative joint disease in his wrists or hands. ECF No. 15 at 12-14. He posits that this error is particularly troubling in light of the ALJ's recognition, via a separate finding, that Redditt in fact suffered from degenerative joint disease in his wrists and hands. Id. Second, Redditt contends that the ALJ made a credibility assessment in which he found Redditt not entirely credible, but failed to provide an adequate explanation for that credibility finding. Id. at 14-15. He requests that the Court reverse the ALJ's decision and enter summary judgment in his favor. At the hearing, counsel indicated that if an award of benefits is not warranted, Redditt requests in the alternative that the Court remand for further proceedings.

The Commissioner counters that the ALJ appropriately determined Redditt's RFC, pointing out that "[n]o physician opined that Redditt was unable to work because of his impairments" and that the only opinions in the record (from Dr. Humphries and the two state agency experts), were that Redditt could perform work activities. The Commissioner also contends that the ALJ's credibility determination was proper and supported by substantial evidence. See generally ECF No. 18. In particular, the Commissioner suggests that the record as a whole shows that Redditt engaged in work activity after his alleged period of disability, and

that he abused alcohol and engaged in drug-seeking behavior, all of which undermine his credibility. The Commissioner thus requests that this Court affirm the decision. ECF No. 18 at 1.

Having reviewed the ALJ's opinion and the entire record, the Court is convinced that substantial evidence supports both the ALJ's RFC finding and the ALJ's credibility decision, and also the ALJ's decision that Redditt is not disabled.

### A. The RFC Found By the ALJ Is Supported By Substantial Evidence

As previously noted, the ALJ concluded that Redditt has the RFC to perform a range of light work with certain additional restrictions. Although the RFC here imposed lifting and postural limitations, it did not include any additional limitations specifically tied to Redditt's degenerative joint disease in his hands and wrist. An RFC is an assessment, based upon all of the relevant evidence, of what a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545, 419.945. Descriptions and observations of a claimant's limitations by him and by others must be considered along with medical records to assist the Commissioner in deciding to what extent an impairment keeps a claimant from performing particular work activities. Id.

When determining a claimant's RFC, the ALJ decides how much weight to assign any medical opinion by considering, among other factors: (1) whether the source is a treating source or a source who merely performed an individual examination (such as the examination by Dr. Humphries here); (2) the supportability of the physician's opinion; and (3) the consistency of the opinion with the record. See 20 C.F.R. §§ 416.927(d); see also Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006).

Notably, both of the state agency physicians who reviewed Redditt's medical records concluded that he had no manipulative limitations. Likewise, Dr. Humphries, who examined Redditt and also opined that he had degenerative joint disease, mild of the right hand and wrist and moderate of the left hand and wrist, did not include any manipulative restrictions in his

ability to perform work. The medical evidence, too, supports the ALJ's RFC. No xray or other examination reveals a severe problem or severe functional limitation resulting from his mild to moderate arthritis.

Tellingly, Redditt himself testified that the only consequence of the pain in his hands and wrists was that it limited his ability to lift certain items, or to lift them with one hand. R. 40. The ALJ accounted for this, to the extent it found him credible, in imposing a lifting restriction.

For all of the foregoing reasons, the Court concludes that the RFC is supported by substantial evidence.

### B. The ALJ's Credibility Determination Is Supported By Substantial Evidence

In a similar vein, the ALJ's determination of Redditt's credibility is also supported by substantial evidence. Notably, it is the ALJ's duty, not this Court's, to determine the facts and resolve inconsistencies between a claimant's alleged impairments and his ability to work. See Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Accordingly, a reviewing court gives great weight to the ALJ's assessment of a claimant's credibility and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. See Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984) (finding that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight.)

In this case, all of the reasons discussed above as to why Redditt's RFC is supported by substantial evidence apply equally to the ALJ's credibility determination. Simply put, no physician has opined that he is unable to work or that he should have manipulative restrictions as part of his RFC. Additionally, Redditt's own descriptions of his limitations are inconsistent with the medical records, with the lack of treatment for many years, and, as noted by the Commissioner, there is also some evidence to support the assessment that Redditt abused alcohol

during the relevant period and appeared to have engaged in drug-seeking behavior. See ECF No. 18 at 12-13. The ALJ also specifically—and properly—noted that Redditt had repeatedly worked during the period of his alleged disability. Redditt's counsel suggests that his attempts to work should be interpreted in his favor, i.e., that he tried to find work to perform but was unable to work for any length of time due to his impairments. See ECF No. 15 at 15. But the ALJ interpreted those attempts at work as evidence that undermined his claims of disability, consistent with the Commissioner's own regulations and Fourth Circuit authority. See 20 C.F.R. §§ 404.1571, 416.971 (noting that work a claimant has done during any period in which he is claiming disability may show that he is able to work at the substantial gainful activity level, even if the activity is performed below the substantial gainful activity level); Sigmon v. Califano, 617 F.2d 41, 42-43 (4th Cir. 1980) ("The general rule is one amply supported by common sense: the [Commissioner] can consider work done by the claimant after the alleged onset of disability as tending to show that the claimant was not then disabled.") In short, there is sufficient evidence in the record to support the ALJ's credibility determination and this Court will not disturb it.

The Court is also unconvinced by Redditt's argument that the ALJ failed to articulate adequate reasons for rejecting Redditt's testimony. See ECF No. 15 at 14 (citing Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) for the proposition that an ALJ must articulate explicit and adequate reasons for discrediting subjective testimony concerning a claimant's pain). While the ALJ did not engage in an extensive discussion of Redditt's credibility, and did not reference either the evidence of alcohol abuse or drug-seeking behavior supported by some of the medical records, he did reference both Redditt's attempts at work and the conservative treatment he sought, and also made clear that he was evaluating Redditt's subjective complaints of pain and of his own limitations in light of the medical evidence, which did not support Redditt's complaints. Thus, the ALJ gave an adequate explanation for his credibility determination.

Again, the Court does not review the ALJ's decision de novo. Instead, the Court's role is limited to determining whether the Commissioner's decision is supported by substantial evidence. In this case, substantial evidence supports the ALJ's opinion. The objective medical record simply fails to document the existence of any physical conditions which would reasonably be expected to result in total disability from all forms of substantial gainful employment.

IV. CONCLUSION

The Court has determined that the ALJ's decision is supported by substantial evidence. Therefore, the Court **GRANTS** the Commissioner's Motion for Summary Judgment, ECF No. 17, and **DENIES** the Plaintiff's Motion for Summary Judgment, ECF No. 13.

An appropriate Order shall issue this day.

ENTER: This 17 day of June, 2014.

Hon. James C. Turk
Senior United States District Judge